UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STAR ROLLINS,<br><br>Defendant. | Case No. 19-cr-00355-JST-2<br><br>**ORDER DENYING MOTION TO TRAVERSE SEARCH WARRANT**<br><br>Re: ECF No. 63 |

Before the Court is Defendant Star Rollins's motion to traverse search warrant and request for evidentiary hearing. ECF No. 63.

The Government's opposition to the motion explains that "the Court need not entertain Rollins's motion at all because the evidence she seeks to suppress is not relevant to the crime with which she is charged." ECF No. 65 at 10-11. Specifically, the Government explains that Rollins seeks to suppress location data seized pursuant to a March 8, 2019 warrant and evidence stemming from that warrant, but the indictment charges Rollins only with conduct occurring on January 31, 2019. *Id.* In reply, Rollins acknowledges that "[the Government] concede[s] the evidence obtained by the Warrant is irrelevant to the Government's case in chief." ECF No. 73 at 1-2.

The Court need not traverse a warrant and conduct an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) where the evidence obtained through the warrant is not relevant to the case. *See, e.g.*, *United States v. James*, No. 2:17-cr-00180-JAD-PAL, 2018 WL 3518446, at *1 (D. Nev. July 20, 2018) ("Because the Government has already agreed not to offer any evidence or fruits obtained from that hotel-room search, there is no reason to hold a *Franks* hearing as [the plaintiff] already has the relief that a *Franks* hearing might afford.").

Therefore, because the parties agree that the evidence in question is not relevant, the

motion for a *Franks* hearing is DENIED as moot.  The hearing on Defendant's motion scheduled for March 15, 2021 is VACATED.

**IT IS SO ORDERED.**

Dated:  March 12, 2021



JON S. TIGAR
United States District Judge